# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4063 | **DATE** | 3/1/2012 |
| **CASE TITLE** | Readus vs. Dercola, et al. | | |

**DOCKET ENTRY TEXT**

The City of Chicago's motion to reconsider [74] is denied. The City of Chicago is directed to answer Count VI of the Second Amended Complaint by 3/16/2012. Status hearing set for 3/27/2012 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by judicial staff.

## STATEMENT

     Rule 15(b), Fed. R. Civ. P., allows the amendment of a claim or defense that arose out of the occurrence set out in the original pleading. The City vigorously argues that a *Monell* claim based on a municipality's failure to train or supervise is entirely different from the excessive force incident the *pro se* plaintiff alleges. This is not persuasive. The City's failure to train or supervise, which must be assumed true for purposes of addressing the pleadings, is readily identified as a cause of the excessive force alleged and, as such, arises out of the same occurrence. Although the City is a separate party, where Corporation Counsel is representing the individual officers and the City is bound by law to indemnify them if judgment is entered against them, it has been a significant party in interest since the case was filed. Moreover, unless the plaintiff can prove excessive force and injury inflicted by an officer, he cannot recover on a *Monell* claim based on a policy of failure to supervise the officers, which indicates that the City and the officers are completely aligned in their defense. Because of the identity of interest between the officers and the City, Rule 15(c)(1)(B) may be fairly read to allow relation back of an additional claim arising out of the same occurrence and failure to name the City in the original pleading was a mistake of law.